IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VALERIE R. BAKER,                    )
                                     )
            Plaintiff,               )        Civil No. 08-980-AA
                                     )          OPINION AND ORDER
       vs.                           )
                                     )
COMMISSIONER OF SOCIAL SECURITY,     )
                                     )
            Defendant.               )
_____ )

H. Peter Evans
David B. Lowry
9900 SW Greenburg Road
Columbia Business Center, Suite 235
Portland, Oregon 97223-5502
      Attorneys for plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

Thomas M. Elsberry
Special Assistant United States Attorney
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7074
      Attorneys for defendant

AIKEN, Judge:

Plaintiff Valerie Baker brings this action pursuant to the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of a portion of the Commissioner's decision.  The Commissioner denied plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, and for Supplemental Security Income (SSI) disability benefits, prior to her fiftieth birthday In October 2005.  Because the ALJ failed to give sufficient reasons for rejecting competent lay witness testimony favorable to plaintiff, the ALJ's decision is reversed and remanded for further proceedings.

## PROCEDURAL BACKGROUND

Plaintiff protectively filed her application for DIB and SSI benefits on October 16, 2001.  Tr. 111-13.  On April 22, 2002, after her application was denied initially and upon reconsideration, plaintiff requested a hearing.  Tr. 40.  The Administrative Law Judge (ALJ) held the hearing on November 4, 2002.  Tr. 909-61.  At the end of the hearing, the ALJ ordered a psychological evaluation.  Tr. 954.  Once this evaluation was completed, the hearing was reconvened on April 23, 2003.  Tr. 962-81.  On September 10, 2003, the ALJ issued a decision finding plaintiff not disabled.  Tr. 474-86.  Plaintiff timely appealed, and on December 6, 2005, the Appeals Council reversed the ALJ's decision and remanded the case for further administrative proceedings.  Tr. 501-04.  The Council directed the ALJ to (1) further develop the administrative record by obtaining additional evidence from treating physicians; (2)

2    - OPINION AND ORDER

consider all treating source opinions and explain the weight given to each opinion; and, if necessary, (3) obtain additional orthopedic or neurological examinations, expert medical testimony, and/or vocational expert testimony.  Id.

The ALJ conducted a remand hearing on October 16, 2006, and on December 1, 2006, issued a partially favorable decision finding plaintiff disabled as of her 50th birthday on October 7, 2005, but not disabled prior to that date.  Tr. 17-28, 982-1006.  On June 23, 2008, the Appeals Council denied plaintiff's request for review, tr. 8-10, making the ALJ's decision the final agency decision.  See 20 C.F.R. §§ 404.981, 416.1481.

**STATEMENT OF THE FACTS**

Plaintiff was 44 years old on the alleged onset date of disability, and was 50 years old as of the hearing date.  Tr. 27.  Plaintiff graduated from high school and attended two years of college, but did not earn a degree.  Tr. 131.  She has worked as a certified nursing assistant, autowrapper/rewinder, and equipment calibrator.  Tr. 126, 145-48, 994.  She alleges disability beginning May 28, 2000, due to pain, fatigue, and memory and concentration issues attributable to undifferentiated somataform disorder, major depressive disorder, degenerative disc disease of the cervical spine, and histrionic personality disorder.  Tr. 125, 480; Pl.'s Br. 2, 12-13.  She also alleges impairments associated with a thyroid goiter, headaches, fatigue, facial and extremity swelling, and hip pain.  Pl.'s Br. 8.

At the November 4, 2002 hearing, plaintiff's son, Brandon, testified that plaintiff appears to be in pain about

3    - OPINION AND ORDER

60 percent of the time.  Tr. 956-57.  Cooking meals, helping
him with homework, or doing a chore are all tiring for
plaintiff, and she has to rest for 10 to 15 minutes for every
15 to 20 minutes of work.  Tr. 957.  Brandon estimated
plaintiff completes tasks at about 40% the rate of a normal
person.  Tr. 958.  He also testified that plaintiff cries
"about the whole day" "close to every day."  Id.  Brandon was
not interviewed when the hearing was reconvened in 2003 or on
remand in 2006.  The ALJ's decision on remand does not mention
Brandon, but adopts the reasoning of the 2003 decision, which
does reference his testimony.  Tr. 26, 481.

A vocational expert (VE) also testified at the 2003
hearing.  In response to the ALJ's hypothetical question, the
VE opined that there were sedentary and light exertion jobs
available in the local economy which plaintiff could perform.
Tr. 999, 1002.  When asked if missing two or more days of work
per month would change her answer, the VE responded that
missing two days of work per month would preclude plaintiff's
successful employment.  Tr. 1004.

### STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is
based on proper legal standards and the findings are supported
by substantial evidence in the record.  Hammock v. Bowen, 879
F.2d 498, 501 (9th Cir. 1989).  Substantial evidence is "more
than a mere scintilla.  It means such relevant evidence as a
reasonable mind might accept as adequate to support a
conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971)
(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229

1   (1938)).  The court must weigh "both the evidence that supports

2   and detracts from the Secretary's conclusion."  Martinez v.

3   Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

4        The initial burden of proof rests upon the claimant to

5   establish disability.  Howard v. Heckler, 782 F.2d 1484, 1486

6   (9th Cir. 1986).  To meet this burden, plaintiff must

7   demonstrate an "inability to engage in any substantial gainful

8   activity by reason of any medically determinable physical or

9   mental impairment which can be expected . . . to last for a

10  continuous period of not less than 12 months. . . ."  42 U.S.C.

11  § 423(d)(1)(A).

12       The Secretary has established a five-step sequential

13  process for determining whether a person is disabled.  Bowen v.

14  Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520,

15  416.920.  First the Secretary determines whether a claimant is

16  engaged in "substantial gainful activity."  If so, the claimant

17  is not disabled.  Yuckert, 482 U.S. at 140; 20 C.F.R. §§

18  404.1520(b), 416.920(b).

19       In step two the Secretary determines whether the claimant

20  has a "medically severe impairment or combination of

21  impairments."  Yuckert, 482 U.S. at 140-41; see 20 C.F.R.

22  §§ 404.1520(c), 416.920(c).  If not, the claimant is not

23  disabled.

24       In step three the Secretary determines whether the

25  impairment meets or equals "one of a number of listed

26  impairments that the Secretary acknowledges are so severe as to

27  preclude substantial gainful activity."  Id.; see 20 C.F.R. §§

28  404.1520(d), 416.920(d).  If so, the claimant is conclusively

5   - OPINION AND ORDER

presumed disabled; if not, the Secretary proceeds to step four.
Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the
claimant can still perform "past relevant work."  20 C.F.R. §§
404.1520(e), 416.920(e).  If the claimant can work, she is not
disabled.  If she cannot perform past relevant work, the burden
shifts to the Secretary.  In step five, the Secretary must
establish that the claimant can perform other work.  Yuckert,
482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e)-(g),
416.920(e)-(g).  If the Secretary meets this burden and proves
that the claimant is able to perform other work which exists in
the national economy, she is not disabled.  20 C.F.R. §§
404.1566, 416.966.

**DISCUSSION**

I. The ALJ's Findings

At step one, the ALJ determined that plaintiff had not
engaged in substantial gainful activity since the alleged onset
of her disability.  Tr. 24, Finding 2.  At step two, the ALJ
found plaintiff had the following severe impairments:
undifferentiated somatoform disorder, major depressive
disorder, and cervical degenerative disc disease.  Tr. 24,
Finding 3.  At step three, the ALJ found that plaintiff did not
have an impairment or combination of impairments that meet or
medically equal one of the listed impairments in the
regulations.  Tr. 25, Finding 4.  These findings are not in
dispute.

At step four, the ALJ found that plaintiff's limitations
left her with the residual functional capacity (RFC) "to

6    - OPINION AND ORDER

perform a wide range of sedentary exertion and a limited range of light exertion work." Tr. 26, Finding 5.  In the September 2003 decision, the ALJ found plaintiff retained the ability to lift 20 pounds occasionally and 10 pounds frequently and to stand, walk, or sit 6 hours out of an 8-hour day.  Tr. 483.  He also found that plaintiff would be limited to "simple, routine, repetitive work with little public contact."  Id.  In the December 2006 decision, the ALJ amended these findings by determining that plaintiff was unable to lift 10 pounds frequently.  Tr. 26.  In addition, the ALJ found that plaintiff should avoid concentrated exposure to extreme temperatures, wetness, or humidity, and that plaintiff's social judgment and other cognitive functioning limitations "restricted her to unskilled work."  Id.  The ALJ based these conclusions on his finding that plaintiff and her son were "not entirely credible," and by crediting the medical opinions of plaintiff's examining physician, Dr. Kielich, and of two psychologists, Dr. Starbird and Dr. Wilcox.  Tr. 26, 481.  This finding is in dispute.

At step five, the ALJ found plaintiff was unable to perform any past relevant work.  Tr. 26, Finding 6.  This finding is not in dispute.

At step six, the ALJ found that given plaintiff's age (that of a "younger individual"), her education level, her past work experience, and her RFC, plaintiff could successfully transition to other work, and was therefore not disabled.  Tr. 27, Findings 7-8, 10.  The ALJ also found that once plaintiff turned 50, moving her into a different age group ("individual

7    - OPINION AND ORDER

closely approaching advanced age"), she would be disabled.   Tr.
27-28, Findings 11-12.   The ALJ relied on the Medical-
Vocational Guidelines ("Grids") in making both determinations.
Tr. 27-28.   The finding that plaintiff was not disabled prior
to her fiftieth birthday is in dispute.

II. Plaintiff's Allegations of Error

        Plaintiff challenges the ALJ's decision on four grounds.
First, plaintiff argues that the ALJ's reasons for discrediting
plaintiff's testimony regarding her ailments are either
unsupported by the evidence or insufficient as a matter of law.
Second, plaintiff argues that the ALJ failed to state
independent reasons for rejecting the lay witness testimony of
her son.   Third, plaintiff contends the ALJ erred in his
evaluation of plaintiff's RFC.   Finally, plaintiff asserts that
the ALJ improperly applied the Grids to assess the availability
of jobs plaintiff could perform in the economy.   Because I find
the ALJ improperly rejected the competent lay witness testimony
of plaintiff's son and that such rejection constitutes
reversible error, I do not address plaintiff's other challenges
to the ALJ's decision.

        An ALJ is required to consider testimony of lay witnesses
and may discredit such testimony only if he  "give[s] reasons
that are germane to each witness." Dodrill v. Shalala, 12 F.3d
915, 919 (9th Cir. 1993).   A wholesale reason for rejecting the
testimony of all witnesses does not meet the "germane to each
witness" standard.   Smolen v. Chater, 80 F.3d 1273, 1289 (9th
Cir. 1996).   Alleged bias as a family member is not a valid
ground for rejecting lay testimony; in fact, the Ninth Circuit

has recognized family members have special value as lay
witnesses because of their opportunity to observe claimants on
a daily basis.  Id.

The ALJ failed to separately explain his reasons for
rejecting Brandon's testimony.  He appears to apply his reasons
for discrediting plaintiff's testimony to Brandon's testimony
without explaining which reasons are "germane" to Brandon.  In
fact, after a brief summary of Brandon's testimony, the only
reference to Brandon is the statement that "the allegations of
the claimant and her son are not entirely credible in light of
the treatment record and the opinion of her treating
physician." Tr. 481.  The ALJ then lists his reasons for
discrediting plaintiff's testimony.  Tr. 481-82.  The ALJ's
summary of the evidence discrediting plaintiff focuses
primarily on a determination that plaintiff exaggerated her
symptoms in two psychological evaluations and failed to seek
treatment for certain medical complaints.  Id.  This evidence
has no apparent bearing on Brandon's credibility, and the ALJ
does not indicate which, if any, of the other reasons
contributed to his finding that Brandon is not credible.

The Commissioner argues that rejecting both plaintiff's
and Brandon's testimony based on the same reasons is proper
because "the testimony from [p]laintiff's son is inextricably
connected to plaintiff's credibility, because although
[p]laintiff had pain and other symptoms, the medical evidence
does not support her alleged functional limitations." Def.'s
Br. 12.  I find this argument unpersuasive.  The Ninth Circuit
has clearly held that lay witness testimony as to a claimant's

9    - OPINION AND ORDER

symptoms or how an impairment affects ability to work is
competent evidence and cannot be disregarded without comment,
even when it conflicts with the medical witnesses' testimony.
Nguyen v. Chater, 100 F.3d at 1462, 1467 (9th Cir. 1996).  The
ALJ must address any inconsistencies between lay witness
testimony and medical evidence in his decision and explain why
the lay witness testimony is incredible, particularly because
sometimes such inconsistencies merely reflect objective medical
evidence's inability to fully convey a medical condition's true
impact on a claimant.  See SSR 96-8p ("Careful consideration
must be given to any available information about symptoms
because subjective descriptions may indicate more severe
limitations or restrictions than can be shown by objective
medical evidence alone.")

The Commissioner next argues that even if Brandon's
testimony is credited as true, it would not change the outcome,
because the testimony "does not establish disability or show
the severity of plaintiff's impairments and how they affected
her ability to work prior to 2005."  Def.'s Br. 13.  I
disagree.  Daily crying spells lasting most of the day and the
need to take a 10 to 15 minute break every 15 to 20 minutes are
certainly limitations that, if true, would need to be
considered in evaluating whether there are jobs plaintiff could
perform.  See SSR 96-8p ("RFC is an assessment of an
individual's ability to do sustained work-related physical and
mental activities . . . on a regular and continuing basis.  A
"regular and continuing basis" means 8 hours a day, for 5 days
a week [.]").

10    - OPINION AND ORDER

Finally, the Commissioner argues that even if rejecting Brandon's testimony was error, such error is harmless, because "the lay testimony does not overwhelm the substantial evidence that supports the ALJ's finding of non-disability prior to her birth date in 2005." Def.'s Br. 13. Again, I disagree. The Ninth Circuit holds that, "where the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Stout v. Commissioner, 454 F.3d 1050, 1056 (9th Cir. 2006). Therefore, the test is, when crediting Brandon's testimony as true, could any reasonable ALJ conclude that plaintiff was disabled prior to her fiftieth birthday?

In Bruce v. Astrue, claimant's wife testified that at least twice each week, her husband refused to get out of bed, bathe, or eat due to his severe depression. 557 F.3d 1113, 1115 (9th Cir. 2009). A vocational expert testified, in response to the ALJ's hypothetical question, that the claimant could perform unskilled jobs available in the national economy. Id. The vocational expert noted, however, that missing two or more days of work per week would preclude claimant from working at those jobs. Id. The Ninth Circuit held that the ALJ could not discredit the wife's testimony based on the ALJ's determination that such testimony was "irrelevant" to medical conclusions. Id. at 1116. The court further held that rejecting the wife's testimony simply because it was not

11   - OPINION AND ORDER

supported by medical evidence in the record violated SSR 88-13,
which requires the consideration of such lay testimony.  Id.
Brandon's testimony similarly addresses plaintiff's ability to
work.  Uncontrolled, day-long crying, like an inability to get
out of bed or bathe, precludes work on a "regular and
continuing basis."  Employers do not generally consider regular
crying acceptable workplace behavior, and such severely
manifested depression is likely to cause work absences.  In
addition, employers do not allow employees to take a 15 minute
break every 20 minutes.  The ALJ's failure to directly consider
Brandon's testimony regarding plaintiff's symptoms mirrors the
error in Bruce.

Where lay testimony is found credible, limitations
discussed in that testimony must be included in hypothetical
questions posed to vocational experts.  Bruce, 557 F.3d at
1116.  None of the hypothetical questions posed to the
vocational experts in the 2003 and 2006 hearings included the
specific limitations testified to by Brandon.  However, the VE
did opine that missing two or more days of work per month
precluded successful employment at any of the jobs discussed.
Because chronic crying spells and the need to take frequent
breaks would be considered unacceptable workplace behavior and
could result in two or more absences per month, I find that a
reasonable ALJ could conclude that the limitations detailed in
Brandon's testimony precluded plaintiff from working.

When a decision denying disability benefits is reversed,
an award of benefits may be directed "where the record has been
fully developed and where further administrative proceedings

would serve no useful purpose." <u>Smolen</u>, 80 F.3d at 1292.  That is not the case here.  There are clear conflicts between Brandon's testimony regarding plaintiff's symptoms and limitations and the medical examiners' conclusions regarding plaintiff's ability to work.  Further, the vocational expert was not consulted regarding Brandon's testimony when answering hypothetical questions regarding plaintiff's ability to work. Accordingly, I remand for further development of the record.

**CONCLUSION**

The Commissioner's decision is not based on substantial evidence in the record and is therefore reversed and remanded for further development of the record as stated above.

IT IS SO ORDERED.

Dated this  9  day of July 2009.


                              /s/ Ann Aiken
                              Ann Aiken
                     United States District Judge

13   - OPINION AND ORDER